IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JUDY WOOLF,<br>　　　　　　　Plaintiff,<br>vs.<br>LIBERTY MUTUAL GROUP, INC., a foreign corporation; LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; SHAELA K. WIGGINTON; and Jane Doe,<br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER REGARDING LIBERTY LIFE'S MOTION FOR INTERPLEADER AND MOTION FOR LEAVE TO DEPOSIT FUNDS<br><br>Case No.  1:14CV168 DAK |

　　　　This matter is before the court on Defendant Liberty Life Assurance Company of Boston's ("Liberty Life") Motion for Leave to Deposit Funds and its Motion for Interpleader.  A hearing on the motions was held on July 7, 2015 in conjunction with various other motions that will be addressed in a separate Memorandum Decision and Order.   At the hearing, Plaintiff Judy Woolf was represented by Blake S. Atkin.  Defendant Ms. Shaela Wigginton was represented by Cole S. Cannon and Austin J. Hepworth.  Liberty Life was represented by Lindsay K. Nash.   Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.   Since taking the matter under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　Liberty Life has filed a Motion for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure to determine entitlement to certain life insurance proceeds payable by

reason of the death of Richard Wigginton, who was insured under a group life insurance policy issued by Liberty Life to Nucor Corporation, Mr. Wigginton's employer.  Liberty Life stands ready to pay said funds (in the amount of $180,000, plus accrued interest, if any) into the court registry upon the court's granting of Liberty Life's Motion for Leave to Deposit Funds.

On or about October 22, 2012, Mr. Wigginton, the decedent in this action, designated his mother, Judy Woolf ("Ms. Woolf"), as primary beneficiary for the group life and AD&D benefits payable by the reason of his death.  At that time, he designated his daughter, Defendant Shaela Wigginton, as a contingent beneficiary.

In the spring of 2014, Mr. Wigginton was diagnosed with terminal cancer.  On or about October 3, 2014, he submitted a Change Form on which he designated Ms. Woolf and Ms. Wigginton–his mother and his daughter– as primary beneficiaries, in equal shares, for the group life and AD&D benefits payable by the reason of his death under the group life and AD&D policy.  He did not designate any contingent beneficiaries.  Mr. Wigginton passed away on November 10, 2014.

Within nine days of Mr. Wigginton's death, Liberty Mutual Group, Inc.[1] received a letter from Ms. Woolf's counsel, indicating that "any change to the listed beneficiary was done with undue influence under Utah law and therefore may be invalid.  Please do not pay this claim until this issue is resolved."[2]  On November 26, 2014, Liberty Mutual Group was served with a

---

[1] Liberty Mutual is a separate entity and was not the issuer of the policy at issue.  Ms. Woolf subsequently dismissed Liberty Mutual, and the correct party, Liberty Life, was joined as a Defendant.  *See* Docket Nos.  26, 27, 40.

[2] *See* November 19, 2014 Letter from Blake Atkin to Liberty Mutual, Docket No. 38-5.

Summons and Complaint which had been filed by Ms. Woolf on November 24, 2014, in the District Court in and for Box Elder County, Utah.  The case was later removed to the United States Court for the District of Utah.

Ms. Wigginton has opposed the instant motions, arguing that it does not make sense for Liberty Life to deposit the funds before her motion to dismiss is decided and that if she does not prevail on her motion to dismiss, she might add a cross-claim against Liberty for acting in bad faith for not paying out the proceeds to her.

Ms. Woolf's lawsuit against Liberty Life and Ms. Wigginton's opposition to its motions reflect that Liberty Life is subject to conflicting claims and potential liability concerning entitlement to the funds at issue in this matter.  It is clear that if Liberty Life were to prefer one potential claimant over the other, it could face multiple and vexatious litigation.  Liberty Life has incurred no independent liability to any of the adverse claimants, and it did not create the situation that has caused the conflicting claims.  Liberty Life simply seeks to have the adverse claimants resolve their respective claims to entitlement to these funds.  In other words, Liberty Life is an innocent stakeholder that claims no beneficial interest in the funds at issue in this matter.   Accordingly, the court grants its Motion for Interpleader and Motion to Deposit Funds.

Accordingly, IT IS HEREBY ORDERED that:

1. Liberty Life's Motion for Interpleader [Docket No. 38] is GRANTED;

2. Liberty Life Assurance Company of Boston's Motion for Leave to Deposit Funds [Docket No. 37] is GRANTED;

3. Liberty Life shall deposit the sum of $180,000.00, plus any applicable accrued interest, into the Court registry;

4. The funds shall be deposited by the Clerk of Court into an interest-bearing account;

5. Ms. Wigginton and Ms. Woolf are enjoined and restrained from instituting any other proceeding against Liberty Life with respect to the Policy;

6. In the event that it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the funds at issue in this matter, that person is joined and subjected to paragraph 5 of this Order;

7. Liberty Life is fully and finally discharged from all liability under the relevant policy and DISMISSED from this action;

8. Liberty Life shall be awarded its reasonable attorneys' fees and costs from the policy proceeds pursuant to 29 U.S.C. § 1132(g).  Liberty Life shall file a Motion for Attorneys' Fees and Costs by September 24, 2015 and shall also file and email a proposed Order.

DATED this 11th day of September, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge