**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **JUDY WOOLF,**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br>**LIBERTY MUTUAL GROUP, INC., a foreign corporation; LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; SHAELA K. WIGGINTON; and Jane Doe,**<br><br>                    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No.  1:14CV168 DAK** |

This matter is before the court on (1) Defendant Shaela K. Wigginton's ("Ms. Wigginton") Motion to Dismiss, (2) Plaintiff Judy Woolf's ("Ms. Woolf" or "Plaintiff") Motion for Partial summary Judgment, and (3) Ms. Woolf's Motion to Strike Affidavits of Tami Wigginton & Shaela Wigginton.   A hearing on the motions was held on July 7, 2015.  At the hearing, Ms. Woolf was represented by Blake S. Atkin.  Ms. Wigginton was represented by Cole S. Cannon and Austin J. Hepworth.  Liberty Life was represented by Lindsay K. Nash.   Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

**BACKGROUND**

This case was brought by Judy Woolf, the mother of Richard Wigginton, and it centers

around a life insurance policy that Mr. Wigginton had purchased prior to his death in

November 2014.  He purchased the policy from Liberty Life Assurance Company of Boston

("Liberty Life") as part of a group policy connected with his employer.   In her Amended

Complaint, Ms. Woolf claims that in 2012, she was named by her son as the sole beneficiary of

the life insurance proceeds and that he intended that she be the sole beneficiary upon his

death.  Ms. Woolf also claims that her beneficial interest in the life insurance proceeds was

"coupled with an interest" because she had signed as an obligor on several loans obtained by

her son for his benefit.[1]

Before his death, Mr. Wigginton was diagnosed with terminal cancer and, according to

Plaintiff, suffered a series of strokes that left him incapacitated.  Plaintiff contends that shortly

before her son's death and during the time that he was incapacitated, his daughter, Shaela

Wigginton, and his ex-spouse Tami Wigginton, through the use of undue influence and/or by

forging documents submitted to Liberty Life, changed the beneficiaries of the life insurance

policy by adding Ms. WIgginton as a co-beneficiary.  Plaintiff alleges that any changes made to

the beneficiaries to the life insurance policy are invalid and should be set aside.  She asks the

court to order Liberty Life to pay her the entire amount of benefits, and she also seeks punitive

damages against Ms. Wigginton and Jane Doe, whom Plaintiff believes to be her son's ex-wife

and Ms. Wigginton's mother.

---

[1] Ms. Woolf does not allege, however, that there is any written document reflecting
such an agreement.

In response, Ms. Wigginton moved to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.  Prior to the court having an opportunity to hear argument on Ms. Wigginton's motion, Plaintiff moved for partial summary judgment, arguing that the court should grant her all the proceeds – or at least half the funds held by the court.[2]  Plaintiff also filed a Motion to Strike two affidavits that were submitted in support of Ms. Wigginton's opposition to Plaintiff's Motion for Partial Summary Judgment.

## MS. WIGGINTON'S MOTION TO DISMISS

Shaela Wigginton has filed the instant motion to dismiss for failure to state a claim upon which relief may be granted.   She argues that the Amended Complaint is inadequate to provide her with fair notice of the allegations against her because it does not assert any specific causes of action and does not set forth facts related to Plaintiff's conclusory allegations of fraud or undue influence.   Ms. Wigginton argues that not only is she without the "fair notice" required by Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP"), but that Plaintiff must also meet the heightened pleading standard of Rule 9(b), which states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Here, Ms. Wigginton contends that Plaintiff has offered no description or particular allegation related to the circumstances surrounding the her assertions of forgery and/or undue

---

[2] At the time Plaintiff filed her motion, the court did not have possession of the life insurance proceeds.  Liberty Life had moved for interpleader and for leave to deposit the funds with the court, but the motions had been opposed by Ms. Wigginton.  The court heard argument on Liberty Life's motion on July 7, 2015 – at the same time it heard argument on the instant motions.  On September 11, 2015, the court granted Liberty Life's motions.

influence.  Thus, Ms. Wigginton argues, Plaintiff's Amended Complaint should be dismissed.

In her response, Plaintiff argues that the court must accept her allegations as true in deciding a motion to dismiss for failure to state a claim, and she then essentially repeats the allegations in her Amended Complaint.  Plaintiff also provides an additional allegation – which does not appear in her Amended Complaint – that just ten days after her son passed away, Ms. Wigginton submitted a claim with Liberty Life, requesting payment on the life insurance policy.[3] According to Plaintiff, this act demonstrates that Ms. Wigginton sought to hurry and obtain her share of the proceeds.  Plaintiff further argues that, "under Utah law, a change in beneficiary in such close proximity to the death that is for the benefit of someone who is in a confidential relationship, such as a close relative, and under the circumstances of Decedent's illness, is presumed to have been done by undue influence," citing *Bradbury v. Rasmussen*, 401 P.2d 710 (Utah 1965) and *Cunningham v. Cunningham* 690 P.2d 549, 553 (Utah 1984).[4]

The court finds that there are many insufficiencies in Plaintiff's Amended Complaint. FRCP 12(b)(6) provides that the court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted."  When considering a motion to dismiss, a court views the

---

[3] It is improper to add a new allegation in a response to a motion to dismiss.  Even if the court considered this allegation, however, it does not resuscitate Plaintiff's Amended Complaint.

[4] Plaintiff also requests that Ms. Wigginton be sanctioned pursuant to 28 U.S.C. § 1927 for bringing a motion to dismiss and "vexatiously multiplying the proceedings." If anyone has multiplied and complicated the proceedings, however, it is Plaintiff, who filed a Motion for Partial Summary Judgment prior to Ms. Wigginton's Motion to Dismiss having been decided.

4

complaint in a light most favorable to the plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039

(10th Cir. 2006).  The court accepts all well-pled factual allegations as true, but makes its own

determination of the legal issues.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A claim must be dismissed if the complaint does not contain enough facts to make the

claim "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "'A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Gallagher v.*

*Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

"Plausibility" refers "to the scope of the allegations in a complaint:  if they are so general that

they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not

nudged their claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519

F.3d 1242, 1247 (10th Cir. 2008).   Further, a complaint must allege "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action," and it must "raise

a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint must give

a defendant "fair notice of what the claim is . . . and the grounds upon which it rests." *Id*.

(quotations and citation omitted).   Finally, under FRCP 12(b)(6), a court may consider only

facts actually alleged and should disregard conclusory allegations made without supporting

factual averments.  *See Moya v. Schollenbarger*, 465 F.3d 444, 455-57 (10th Cir. 2006).

Here, Plaintiff has failed to adequately allege a plausible claim under Rule 8(a), as there

are no causes of action even specified, much less any facts to support any inferred causes of

action.  Plaintiff has merely made conclusory allegations with no factual support, rendering her

claims to be merely speculative.  In other words, her allegations are conceivable but not

plausible.  Moreover, the Amended Complaint is devoid of any specific facts to support any

purported claim of fraud or forgery under Rule 9(b).

In addition, Plaintiff's reliance on *Bradbury* and *Cunningham* to create a presumption in

her favor is completely misplaced.  In *Bradbury*, the Utah Supreme Court rejected the

reasoning of the trial court, stating:

> The first question to be resolved is whether the lower court erred in its
> determination that a confidential relationship existed between the parties as
> that term is considered in its legal significance.  The evidence is undisputed that
> there existed among the parties sincere affection, trust and confidence, but is
> this legally sufficient to constitute a confidential relationship giving rise to a
> presumption that the transaction was unfair? We think not. *The mere
> relationship of parent and child does not constitute evidence of such confidential
> relationship as to create a presumption of fraud or undue influence.*

*Bradbury v. Rasmussen*, 401 P.2d 710, 713 (Utah 1965) (emphasis added); *see also Cunningham*

*v. Cunningham*, 690 P.2d 549, 553 (Utah 1984), *Nelson v. Nelson*, 513 P.2d 1011, 1013 (Utah

1973); *Froyd v. Barnhurst*, 28 P.2d 135, 137 (Utah 1934).  Plaintiff in this case has not alleged

anything other than the fact that a father changed the beneficiary status of his daughter from a

contingent beneficiary to a co-beneficiary on his life insurance policy after he was diagnosed

with terminal cancer.  Plaintiff is therefore not entitled to any presumption.  Plaintiff's belief

that her son intended for her to be the sole beneficiary does not suggest that there was any

forgery, fraud, undue influence, or other misconduct on the part of Ms. Wigginton.

6

Thus, the court must dismiss the Amended Complaint.   Plaintiff has not sought leave to file a Second Amended Complaint, nor has she suggested that she could add additional facts to support any cause of action.   Thus, the court concludes that granting leave to file another Complaint would be futile.   Even if the court were to consider the additional alleged facts (that are not merely conclusory allegations) contained in Plaintiff's Affidavit, which was filed in support of her Motion for Partial Summary Judgment,[5] the court would still dismiss the Amended Complaint for failing to state a claim.

Because the court has dismissed the Amended Complaint, Plaintiff's Motion for Partial Summary Judgment is denied as moot, as is her Motion to Strike Affidavits of Tami Wigginton and Shaela Wigginton.   Even if the court had not dismissed the Amended Complaint, however, the Motion for Partial Summary Judgment would still be denied, as it falls far short of establishing that there is no genuine issue of disputed fact that would entitle Plaintiff to all of the life insurance proceeds.   After Liberty Life deposits the funds and submits its request for attorneys' fees and costs, it is the intention of the court–barring any additional filings by the parties–to order that the remaining funds be disbursed in equal amounts to Ms. Wigginton and Ms. Woolf.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Shaela K. Wigginton's Motion to Dismiss [Docket No. 19] is GRANTED, and Plaintiff's action is DISMISSED with prejudice.   Plaintiff Judy

---

[5] *See* Docket No. 41-4.

Woolf's Motion for Partial summary Judgment [Docket No. 41] is DENIED as MOOT, as is her

Motion to Strike Affidavits of Tami Wigginton & Shaela Wigginton [Docket No. 48].   The court's

intention regarding the eventual disbursement of funds is discussed above.

DATED this 16th day of September, 2015.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

.

8